John **DILLARD**, et al., Plaintiffs,

v.

**CITY** of **FOLEY**, Defendant.

**Civil Action No. 87–T–1213–N.**

United States District Court,
M.D. Alabama,
Northern Division.

Feb. 9, 1996.

James U. Blacksher, Birmingham, AL, Neil Bradley, Laughlin McDonald, Mary Wyckoff, ACLU Foundation, Atlanta, GA, Julius L. Chambers, Scherlyn Ifill, Jacqueline A. Berrien, NAACP Legal Defense Fund, New York City, Edward Still, Birmingham, AL, J. Gerald Hebert, Alexandria, VA, for John Dillard, Damascus Crittenden, Jr., Earwen Ferrell, Clarence J. Jarrells, Ullysses McBride and Louis Hall, Jr.

Clement C. Torbert, Jr., Maynard, Cooper & Gale, P.C., Montgomery, AL, Caine O'Rear, Hand Arendall, L.L.C., Mobile, AL, Mortimer Parker Ames, III, James H. Evans, Office of the Attorney General, Montgomery, AL, C.G. Chason, Chason & Underwood, Foley, AL, for defendant.

## MEMORANDUM OPINION

MYRON H. THOMPSON, Chief Judge.

On December 27, 1995, the court entered an order denying the motion of W.D. Bolton, John Krupinski and Margaret Krupinski ("proposed intervenors") to intervene in this litigation. The proposed intervenors sought to intervene for purposes of appealing the court's October 30, 1995 orders approving a proposed consent decree and overruling objections to it. In the December 27 order, the court promised that a memorandum opinion would follow. This is the promised opinion.

### I.

In its October 30 orders, the court approved and entered a proposed consent decree settling a dispute between a class of African–American plaintiffs and the City of Foley regarding the city's annexation policies. The plaintiffs claimed that Foley's annexation policies were racially discriminatory, and Foley admitted that the plaintiffs could establish a prima facie violation of § 2 of the Voting Rights Act, 42 U.S.C.A. § 1973 (West 1994), and the United States Constitution.

Under the consent decree approved by the court, the parties agree that Foley will establish a non-discriminatory annexation policy by holding referenda in seven areas surrounding Foley (Areas 1 through 6, and 1A) to determine whether the residents of those areas want to be annexed to the city. If a majority of those voting in any or all of the areas agree to annexation, Foley will submit the voter-approved annexations for preclearance by the United States Department of Justice, and, if preclearance is obtained, Foley promises to annex those areas. The plaintiffs stipulate that if this procedure is followed they will agree that annexation of any or all of the surrounding areas does not violate the Voting Rights Act or the equal protection clause of the fourteenth amendment. A final judgment will then be entered. If preclearance by the Justice Department is not obtained, the case will proceed.

The annexation procedure outlined in the consent decree differs from that required under Alabama annexation law. Under 1975

Alabama Code § 11–42–2 (Michie 1989), annexation of those surrounding areas would require a petition for annexation signed by a certain proportion of landowners in those areas before referenda could be held.

Before approving the parties' settlement, the court ordered publication of the proposed consent decree, and it held a public fairness hearing on September 6, 1995, to consider objections from class and non-class members. Two objections to the consent decree were heard at the fairness hearing, and both were overruled in the court's October 30 orders; one objection, by the City of Gulf Shores, was accompanied by a motion to intervene, and the other objection, by Area 2 landowners John and Margaret Krupinski, was later withdrawn and then "reinstated" more than a month later. A last objection was filed by Area 2 landowner W.D. Bolton on October 25, 1995 and was overruled as untimely.

## II.

■ Bolton and the Krupinskis now move to intervene in this action under Federal Rule of Civil Procedure 24(a) for purposes of appealing the court's October 30 orders. Under Rule 24(a), a party may intervene *as of right* if the applicant meets certain requirements: (1) the application for intervention is timely; (2) the interest asserted by the proposed intervenor relates to the property or transaction that is the subject of the action; (3) the applicant is situated such that disposition of the action may impede or impair the applicant's ability to protect that interest; and (4) the interest asserted is represented inadequately by the existing parties to the lawsuit. *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir.1989); *see also ManaSota–88, Inc. v. Tidwell*, 896 F.2d 1318, 1321 (11th Cir.1990). In addition, Rule 24(c) imposes procedural requirements: "A person desiring to intervene shall serve a motion to intervene upon the parties as provided in Rule 5. The motion shall state the grounds therefor and shall be accompanied by a pleading setting forth the claim or defense for which intervention is sought."

■ The court agrees with the parties that the proposed intervenors' motion was filed too late. A timeliness analysis concerns not only the chronology leading up to the motion for intervention, but also "all the circumstances," including (1) the length of time during which the would-be intervenor actually knew or reasonably should have known of his interest in the case before he petitioned for leave to intervene, (2) the extent of the prejudice that the existing parties to the litigation may suffer as a result of the would-be intervenor's failure to apply for intervention as soon as he actually knew or reasonably should have known of his interest in the case, (3) the extent of the prejudice that the would-be intervenor may suffer if his petition for leave to intervene is denied, and (4) the existence of unusual circumstances militating either for or against a determination that the application is timely. *Meek v. Metropolitan Dade County*, 985 F.2d 1471, 1478–79 (11th Cir.1993) (citing *Stallworth v. Monsanto*, 558 F.2d 257 (5th Cir.1977)). Considering all of the relevant circumstances, the court finds that the motion for intervention for the purpose of appealing entry of the consent decree was untimely.

The proposed intervenors should have moved to intervene to protect any appellate rights when they first knew that their interest might be affected by approval of the consent decree—that is, when the consent decree was published and when two of the proposed intervenors, the Krupinskis, filed their objection. The City of Gulf Shores, which also opposed the consent decree, took this course. The proposed intervenors, instead, waited approximately three months to attempt intervention.

The three-month delay in moving for intervention would prejudice the existing parties if the motion were granted. Because the proposed intervenors did not choose to become a part of the lawsuit when the merits of the consent decree were being considered by this court, the parties did not have the opportunity (as they did with Gulf Shores) to confirm the bases of the proposed intervenors' factual allegations, including, if necessary, conducting discovery. If the motion for intervention were granted, the parties would have to defend their position on appeal without any factual record regarding the proposed intervenors. Nor were the parties

provided with sufficient notice that they would have to litigate fully the legal issues that the proposed intervenors apparently desire to raise on appeal. With such notice, the parties may have chosen a different legal strategy.

In addition, because the proposed intervenors seek intervention for purposes of appeal only, denial of intervention now on the basis of timeliness would not unduly prejudice them. A final judgment has yet to be entered, and annexation is hardly a foregone conclusion upon approval of the consent decree. Under the decree, annexation will only occur if a majority of voters living in Area 2 approve it and if the Department of Justice finds annexation to be consistent with the requirements of the Voting Rights Act. If the voters of Area 2 choose to remain outside of Foley's boundaries, the proposed intervenors' concerns would be resolved without bringing new parties into this litigation, parties who admit to sharing no concern regarding the core race discrimination claim that is the basis of dispute between the existing parties. If the voters of Area 2 choose annexation and the Justice Department approves it, the proposed intervenors' interest in avoiding annexation would presumably no longer be contingent. The proposed intervenors can still move for intervention, now or at a later stage, to protect this contingent interest.

Lastly, the court must deny the proposed intervention on the basis of a procedural defect in the proposed intervenors' application. As stated, Rule 24(c) requires that a motion to intervene be accompanied by a pleading setting forth the claim for which intervention is sought. The purpose of requiring an intervenor to file a pleading is to place the other parties on notice of the claimant's position, the nature and basis of the claim asserted, and the relief sought by the intervenor. *See WJA Realty Ltd. Partnership v. Nelson*, 708 F.Supp. 1268, 1272 (S.D.Fla.1989). Including a thorough pleading is of particular importance when intervention is for purposes of appeal only, because the parties have no opportunity to engage in fact-finding or to elicit further explanation of the proposed intervenors' position and claims before their own appellate briefs must be filed. In this case, the proposed intervenors did not submit a separate pleading with their Rule 24(a) motion, and the motion they submitted does not state the specific legal or factual bases of their claims. The court finds that the motion for intervention here does not meet the formal requirements of Rule 24(c), nor does it adequately provide notice of the proposed intervenors' legal claims and defenses.

For all of these reasons, the court denied the proposed intervenors' motion for intervention. An appropriate order was entered on December 27, 1995.